IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANGELA SCHMITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-435-WKW |
| | ) | [WO] |
| TARGET CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This is a parking-lot trip-and-fall case.   Defendants Target Corporation and Ireit Prattville Legends, LLC move for summary judgment.   (Doc. # 35.)   Plaintiff Angela Schmitz brings negligence and wantonness tort claims under Alabama law. (Doc. # 23.)   Each claim deals with the same incident and travels upon a similar legal theory:   Schmitz alleges that Defendants' actions and inactions caused her to trip and fall over a dangerous concrete wheel stop in a Target parking lot. Defendants argue that summary judgment is appropriate for both claims because the wheel stop was open and obvious to a reasonable person.   Defendants are correct, and summary judgment will be granted in their favor.

## I.   JURISDICTION AND VENUE

Subject-matter jurisdiction is proper under 28 U.S.C. § 1332.   The parties do not contest personal jurisdiction or venue.

## II.   STANDARD OF REVIEW

To succeed on a motion for summary judgment, the moving party must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   The court views the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmoving party.   *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for the motion."   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).   This responsibility includes identifying the portions of the record illustrating the absence of a genuine dispute of material fact.   *Id.*   Alternatively, a movant without a trial burden of production can assert, without citing the record, that the nonmoving party "cannot produce admissible evidence to support" a material fact.   Fed. R. Civ. P. 56(c)(1)(B); *see also* Fed. R. Civ. P. 56 advisory committee's note ("Subdivision (c)(1)(B) recognizes that a party need not always point to specific record materials . . . .   [A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact.").

If the movant meets its burden, the burden shifts to the nonmoving party to

establish—with evidence beyond the pleadings—that a genuine dispute material to each of its claims for relief exists.   *Celotex Corp.*, 477 U.S. at 324.   A genuine dispute of material fact exists when the nonmoving party produces evidence allowing a reasonable fact finder to return a verdict in its favor.   *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

## III.   BACKGROUND

On a sunny Alabama day, Plaintiff Angela Schmitz and her husband drove to Target to go shopping for an ironing board.   (Doc. # 35-1 at 29.)   As she had done on several other visits to this Target, Schmitz pulled her black Kia Sorrento into a handicap parking spot near the front of the store; she chose a spot that had a concrete "wheel stop," which is also known as a tire stop, bumper block, and/or curb-stop, amongst other names.   (Doc. # 35-1 at 27–28.)   Call it what you will, but suffice to say, Schmitz parked her car's front tires facing a raised concrete polygon, the wheel stop, which prevented her from pulling through the parking spot.   She stopped the car just before running into the wheel stop, which was light gray in contrast to the darker pavement.   (Doc. # 39-15.)   Three feet beyond the wheel stop was an eight-foot-tall upright concrete bollard with a handicap sign.   (Doc. # 23 at 3.)   Past the bollard was a handicap-friendly pedestrian walkway.   (Doc. # 23 at 3.)

Successfully parked at the wheel stop, Schmitz and her husband then got out

of the car and went shopping.   (Doc. # 35-1 at 86.)   They got the ironing board they were looking for, checked out, and exited the store.   (Doc. # 35-1 at 43.) Back outside, the Schmitzes made their way through the parking lot via the pedestrian path, passing at least three wheel stops in the handicapped section before reaching their parking spot.   (Doc. # 39-6.)

The facts get slippery here, mostly because Schmitz's deposition testimony does not comport with video surveillance of the trip and fall.   For example, Schmitz testified that she saw the wheel stop because she tried to step over it while bracing herself on the hood of her car as she attempted to maneuver toward her car door. (Doc. # 35-1 at 43.)   But surveillance footage shows that she never leaned on the hood of her car before tripping over the wheel stop.[1]   (Doc. # 39-6; Doc. # 39-7.) Accordingly, despite unambiguous deposition testimony establishing that Schmitz saw the wheel stop before tripping,[2]  it is unclear from the surveillance footage that

---

[1]   "Where video evidence is conclusive, witness testimony cannot be used to introduce a factual dispute."  *Charles v. Johnson*, 18 F.4th 686, 692 n.1 (11th Cir. 2021).

[2]   Schmitz filed a post-deposition affidavit that retracts her statements about seeing the wheel stop prior to tripping and asserts that she did not see the wheel stop.  (Doc. # 39-1.) Defendants have moved to strike that affidavit as a sham that plainly contradicts Schmitz's prior deposition testimony.  (Doc. # 43.)  The analysis below does not rely on the challenged averments in the affidavit, nor does it rely on Schmitz's testimony that she in-fact consciously appreciated the wheel stop before tripping over it.  Rather, the court applies the appropriate objective standard test without relying on Schmitz's subjective awareness as to the specific wheel stop in question in the moments before she tripped.  Accordingly, Defendants' motion to strike, (Doc. # 43), will be denied as moot; however, the affidavit would have been stricken as a sham had the video evidence not called into doubt the veracity of Schmitz's deposition testimony taken two years after the fall.

she did in-fact observe the wheel stop immediately prior to tripping.

What is clear from the surveillance footage is this:   Schmitz passed several wheel stops in broad daylight as she walked along the pedestrian pathway through the handicap parking section; she walked toward the front of her car; she walked around the hood of the neighboring car; and she tripped over the wheel stop that she had recently parked in front of.   (Doc. # 39-6; Doc. # 39-7.)   Her walking pace was smooth until the moment she tripped, wherein she reactively threw her hands up as she fell to the ground.   (Doc. # 39-6.)   The fall broke her kneecap and arm, amongst other injuries.   (Doc. # 35-1 at 90–91.)   Her husband quickly came to her aid, and a paramedic arrived shortly thereafter.   (Doc. # 39-6; Doc. # 35-1 at 65.)

## IV.  DISCUSSION

Schmitz asserts two tort claims:   negligence (Count I) and wantonness (Count II).   (*See generally* Doc. # 23.)   Specifically, she claims that Target and Ireit violated Alabama law by maintaining a dangerous wheel stop in Target's handicapped parking area without appropriate warning or without providing enough space between wheel stops.   She claims that Defendants were wanton because they allegedly knowingly failed to properly construct, maintain, and operate the parking lot and because they maintained reckless indifference to the safety of Schmitz and others by installing wheel stops in an area through which people could walk.   For the reasons outlined more fully below, summary judgment will be granted as to both

claims.

## A.   <u>Negligence</u>

Defendants argue that summary judgment is due because the wheel stop that Schmitz tripped over was open and obvious to a reasonable person.   Schmitz argues that she never saw the wheel stop before tripping over it and that a reasonable person would not have either.   On this factual record, Defendants are right:   There is no material dispute that a reasonable person in Schmitz's shoes would have observed the wheel stop.

Under Alabama law, "the duty owed to [an invitee] by the [premises owner] is the exercise of ordinary and reasonable care to keep the premises in a reasonably safe condition."[3]   *Lilya v. Greater Gulf State Fair, Inc.*, 855 So. 2d 1049, 1055 (Ala. 2003) (internal quotations and citation omitted).   Importantly, "[t]he owner of a premises . . . is not an insurer of the safety of his invitees," and "[t]here is no presumption of negligence which arises from the mere fact of an injury to an invitee."   *Id.* (internal quotations and citations omitted).   Dispositive here, "there is *no duty* on an owner of premises to warn an invitee of open and obvious defects in the premises of which the invitee is aware, or of which [s]he should be aware in the exercise of reasonable care."   *Hand v. Butts*, 270 So. 2d 789, 791 (Ala. 1972)

---

[3]   It is undisputed that Schmitz was an invitee on the day in question.   *See Gable v. Shoney's, Inc.*, 663 So. 2d 928, 929 (Ala. 1995) (reiterating that customers of a store are invitees).

(emphasis added); *see also Ex parte Mountain Top Indoor Flea Mkt.*, 699 So. 2d

158, 161 (Ala. 1997).   Put more directly:

> The duty to keep premises safe for invitees applies only to defects or
> conditions which are in the nature of hidden dangers, traps, snares,
> pitfalls, and the like, in that they are not known to the invitee, and would
> not be observed by him in the exercise of ordinary care. The invitee
> assumes all normal or ordinary risks attendant upon the use of the
> premises, and the owner or occupant is under no duty to reconstruct or
> alter the premises so as to obviate known and obvious dangers, *nor is*
> *he liable for injury to an invitee resulting from a danger which was*
> *obvious or should have been observed in the exercise of reasonable*
> *care.*

*Bogue v. R & M Grocery*, 553 So. 2d 545, 547 (Ala. 1989) (emphasis added)

(quoting *Lamson & Sessions Bolt Co. v. McCarty*, 173 So. 388, 391 (Ala. 1937));

*Sheikh v. Lakeshore Found.*, 64 So. 3d 1055, 1058 (Ala. Civ. App. 2010) (same).

Courts "use an objective standard to assess whether a hazard is open and obvious."

*Dolgencorp, Inc. v. Taylor*, 28 So. 3d 737, 741–42 (Ala. 2009) (internal quotations

and citations omitted).   "[T]he question is whether the danger *should have been*

*observed*, not whether it was consciously appreciated."   *Id.* at 742 (emphasis

added).   Significantly, at the summary judgment stage, when the alleged hazard is

open and obvious, "*the record need not contain undisputed evidence that the*

*plaintiff-invitee consciously appreciated the danger at the moment of the mishap.*"

*Sessions v. Nonnenmann*, 842 So. 2d 649, 653–54 (Ala. 2002) (emphasis in original).

Here, summary judgment will be granted because the wheel stop was an open

and obvious condition.   First, Schmitz parked directly in front of the wheel stop.

A reasonable person would know, or should have known in the exercise of ordinary care, that a wheel stop was present because she had pulled the front of her vehicle directly up to the stop, and consciously stopped before hitting it.[4]   Knowing what is in front of you is just par for the course of ordinary driving.   *See Foster v. Target Stores, Inc.*, No. 7:14-CV-01741-AKK, 2016 WL 3055017, at *4 (N.D. Ala. May 31, 2016) (finding that a wheel stop was open and obvious in part because the plaintiff "could reasonably be expected to have seen the wheel stop when initially parking.").   Second, the wheel stop and the parking-lot's pavement were contrasting colors—the wheel stop did not blend in with the pavement.   *See id.* (finding that contrasting color wheel stops err toward an open and obvious determination).

Third, Schmitz had parked in Target's handicapped parking spots before, although not often, and she was generally aware that parking lots had wheel stops. *See id.* (relying on familiarity with a parking lot to find that a wheel stop was open and obvious).   Fourth, the wheel stop was in plain, unobstructed daylight view and was in a row of parking spots with similar wheel stops, at least three of which

---

[4]   Imagine if a plaintiff went car camping, pulled into a campground, and parked directly in front of a log placed by the campground to demarcate a parking spot, and three feet beyond that log was a giant tree (like the bollard in this case).   Twenty minutes later, the plaintiff is trying to get back into her car and trips over the very log she just chose to park in front of.   Then, plaintiff seeks to hold the campground liable for the known, open, and obvious log.   Clearly, a negligence claim could not lie under such circumstances.   Had Schmitz not been the driver who parked in front of the wheel stop, then perhaps this case would be fit for a jury.

Schmitz walked directly past while returning to her car.   The wheel stop was not hidden; Schmitz would have seen it if only she watched where she was going, either while parking *directly in front* of the wheel stop, while walking back to her car and passing other handicapped parking spots, or while stepping into her parking spot to get into her car.[5]   *See id.* (relying on the plain view of the wheel stop to find that it was an open and obvious condition).

While the open and obvious inquiry typically is not resolved at summary judgment, *Douglas v. Devonshire Apartments, LLC.*, 833 So. 2d 72, 75 (Ala. Civ. App. 2002), on the totality of these facts, Schmitz has presented insufficient evidence to establish "that the [wheel stop] was a *hidden* defect that [she] did not know of and *would not discover* in the exercise of ordinary care."   *Gable v. Shoney's Inc.*, 663 So. 2d 928, 928 (Ala. 1995) (emphasis added) (finding wheel stop open and obvious where plaintiff generally knew about wheel stops in the parking lot, even though it was dark).   *See also Foster*, 2016 WL 3055017, at *4 (finding wheel stop open and obvious where plaintiff parked the car over the wheel stop, was aware of wheel stops generally, and the wheel stop was a different color than the pavement); *Douglas*, 833 So. 2d at 75 (finding *a hole in the ground* of a

---

[5]   While the court does not rely on Schmitz's testimony that has been called into doubt by the video-surveillance footage, it is worth noting that at least three times Schmitz testified that she did in fact see the wheel stop prior to tripping, and that she even tried, but failed, to step over the wheel stop.   (Doc. # 35-1 at 43, 59, and 109.)   If Schmitz was taken at her word, then summary judgment would also be granted because she would have, in-fact, known about the wheel stop and tried to step over it.

parking lot was open and obvious because the plaintiff could have looked down and seen it); *cf. Young v. La Quinta Inns, Inc.*, 682 So. 2d 402, 405 (Ala. 1996) (finding a jury question as to a wheel stop trip-and-fall where there was "no suggestion that [the plaintiff] had ever parked in the area where she fell").

While Plaintiff argues, and the court does not reject, that there is a genuine dispute of material fact as to whether Schmitz actually observed the wheel stop before tripping, that does not change the analysis or outcome.   After all, subjective awareness is not the ultimate test.   The test is whether the allegedly hidden defect was objectively open and obvious to a person exercising "ordinary care."   *Gable*, 663 So. 2d at 929.   That is, "the question is whether the danger *should have been observed*, not whether it was consciously appreciated."   *Dolgencorp*, 28 So. 3d at 741–42.   And here, it is beyond dispute that the wheel stop should have been observed by a person exercising ordinary care.   Schmitz pulled up to the wheel stop and stopped before running into it; she walked past several other wheel stops; she was aware parking lots generally had wheel stops; she had parked in the handicap section at the Target before; and the wheel stop was in plain view, illuminated by the sun, unobstructed, and of a different color than the pavement.   In short, the wheel stop "was not a *hidden* danger, trap, snare, or pitfall unobservable to [Plaintiff]

in the exercise of reasonable care."[6]   *Couch v. Von Maur Stores, Inc.*, No. 2:20-CV-00442-MHH, 2021 WL 4301587, at *3 (N.D. Ala. Sept. 21, 2021) (emphasis added) (citing *Lamson*, 173 So. 388 at 391).

Accordingly, Defendants cannot be held liable based on negligence for Schmitz's injury due to the open and obvious wheel stop, and they are due summary judgment on this claim.

## B.   <u>Wantonness</u>

Schmitz also alleges a claim for wantonness, arguing that Defendants operate with reckless disregard by installing wheel stops in a place that handicapped invitees will likely pass through.   (Doc. # 23 at 7–8.)   While a claim of a different sort may be possible on these facts, under Alabama law, when, as here, a court finds that a defendant "owed no duty to [a plaintiff for her negligence claim because the hazard was open and obvious], her wantonness claim must also fail as a matter of law." *Dolgencorp*, 28 So. 3d at 746 (relying on *Lilya*, 855 So. 2d at 1056).

---

[6]   Schmitz highlights that many parking lots today do not have wheel stops, that Target discontinued installation of wheel stops in 2010, that the wheel stop in question was a different size than the wheel stop next to it, that the parking spot in question also had a concrete bollard three feet behind the wheel stop, and that Target's handicap parking spots are allegedly not compliant with a myriad of parking-lot guidelines, codes, and standards.   (Doc. # 39 at 22–24.) Under Alabama law, none of these facts meaningfully weighs on the relevant duty question of whether the wheel stop was open and obvious to a reasonable person like Schmitz.   Rather, these facts go to the merits of the use, function, and generalized best-practices of wheel stops.   To the extent these facts could be read to indicate that the wheel stop was a hidden hazard in this case, they nonetheless do not create a genuine dispute of material fact considering the totality of the factual circumstances.

Therefore, because Target owed Schmitz no duty as to the wheel stops on her negligence claim, Schmitz's wantonness claim must fail for want of a duty because the wheel stop was open and obvious.   *See id.* at 746; *see also Foster*, 2016 WL 3055017, at *5 (dismissing wantonness claim when a wheel stop was open and obvious).

## V.   CONCLUSION

For the reasons outlined above, it is ORDERED that Target Corporation and Ireit Prattville, LLC's motion for summary judgment (Doc. # 35) is GRANTED.   It is further ORDERED that Target Corporation and Ireit Prattville's motion to strike (Doc. # 43) is DENIED as moot.

A final judgment will be entered separately.

DONE this 12th day of December, 2022.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE